# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHARLOTTE COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 12-2305-CM-GLR |
| GENERAL MOTORS, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

## NOTICE

Within fourteen days after a party is served with a copy of this Report and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the Report and Recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

## REPORT AND PROPOSED FINDINGS

Pending before the Court is a Motion to Proceed Without Prepayment of Fees (ECF Bo. 3) filed by Plaintiff. For the reasons that follow, the undersigned Magistrate Judge recommends that the motion be denied.[1]

Before a civil action may proceed, the plaintiff must pay the applicable filing fee[2] or file an

---

[1] *See Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1311-12 (10th Cir. 2005) (holding that a magistrate judge has no authority to deny *in forma pauperis* status because such a denial is dispositive.

[2] *See* 28 U.S.C. § 1914 (establishing a $350 filing fee).

appropriate request to proceed *in forma pauperis* ("IFP") that is accompanied by "an affidavit that includes a statement of all assets."[3] Pursuant to 28 U.S.C. § 1915(a) a federal court "may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit . . . that the person is unable to pay such fees or give security therefor." All parties seeking to proceed *in forma pauperis* must submit a completed financial affidavit in support of their motion.[4] The statute "is intended to benefit those too poor to pay or give security for the costs of litigation."[5] Parties have no right to proceed *in forma pauperis* in a civil case – the statute merely provides qualified parties a privilege to proceed without prepayment of fees.[6]

Whether to grant leave for a party to proceed *in forma pauperis* under § 1915 rests within the discretion of the court.[7] Courts should grant the privilege "sparingly" in civil cases for damages.[8] In ruling on an IFP application, however, the courts "must not act arbitrarily or deny the application on erroneous grounds."[9] When considering applications and supporting financial information, the

---

[3]*Id.* § 1915(a)(1).

[4]*Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[5]*Zeller v. Astrue*, No. 08-4138-JAR, 2009 WL 902368, at *1 (D. Kan. Mar. 31, 2009) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

[6]*White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998).

[7]*Lister,* 408 F.3d at 1312.

[8]*Zhu v. Countrywide Realty Co.*, 148 F. Supp. 2d 1154, 1156 (D. Kan. 2001).

[9]*Id.*; *accord Lister*, 408 F.3d at 1313.

courts generally compare monthly expenses to monthly income.[10] They also consider "the nature of the mandatory and discretionary demands on the applicant's financial resources."[11]

In this case, Plaintiff has provided an affidavit of financial status in support of her motion.[12] She avers that she is single and lists no dependent who she is legally responsible to financially support. She is currently employed and has monthly take-home income of $3,200. She receives health insurance through her employment. She has $1,500 in a bank account. She does not own any real property. She makes monthly payments of $385 for a 2009 Chevy Impala. She also has monthly household expenses of $2,231 and other monthly expenses of $450. Her total take home pay thus exceeds all expenses, both necessary and discretionary.[13] The Court finds, based on the submitted financial information, that Plaintiff has sufficient financial resources to pay the $350 filing fee. Accordingly, the request for leave to file action without payment of fees, costs, or security should be denied.

## **RECOMMENDATION**

It is hereby recommended that the Motion to Proceed Without Prepayment of Fees (ECF No.

---

[10] *See, e.g., Alexander v. Wichita Housing Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (adopting report and recommendation that motion be denied where plaintiff's net income exceeded his monthly expenses by more than $700); *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162, 2002 WL 1162684, at *1 (D. Kan. Apr. 15, 2002) (denying motion where plaintiff and spouse had monthly net income of $2,000 and monthly expenses of $1715).

[11] *See Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (citing with approval *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir.1988)).

[12] *See* ECF No. 3-1 (sealed).

[13] Claimed cable expenses ($150) and support for grandchildren who live out of state ($100) are entirely discretionary. Telephone expenses ($125 claimed) above the basic amount are likewise discretionary. Discretionary expenses are properly excluded from the expense-income comparison.

3) filed by Plaintiff be denied. Plaintiff should be ordered to prepay the $350.00 filing fee in order for this action to proceed and admonished that the failure to pay the fee within a time set by the court will result in the dismissal of this action.

    Respectfully submitted on this 6th day of June, 2012, in Kansas City, Kansas.

                                              <u>S/Gerald L. Rushfelt</u>
                                              Gerald L. Rushfelt
                                              United States Magistrate Judge