IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHARLOTTE COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-2305-CM-GLR |
| ) | |
| GENERAL MOTORS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff Charlotte Coleman filed a lawsuit alleging employment discrimination based on Title VII of the Civil Rights Act of 1964.  She contemporaneously filed a request to proceed *in forma pauperis* ("IFP").  (Doc. 3.)  Magistrate Judge Rushfelt issued a report and recommendation on June 6, 2012, recommending denial of plaintiff's request to proceed IFP ("R&R").  (Doc. 6.)  Judge Rushfelt advised plaintiff that she had 14 days to object to his recommendation.  This deadline has passed, and plaintiff has failed to file any objections.  Therefore, the R&R is ripe for review.

After reviewing the R&R and the evidence before the court, the court adopts the R&R in its entirety and denies plaintiff's IFP motion.  Specifically, a court of the United States may allow commencement of an action without payment of the required fees by a party who submits an affidavit showing an inability to pay such fees.  28 U.S.C. § 1915(a)(1).  When considering applications and financial affidavits, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162, 2002 U.S. Dist. LEXIS 9675, 2002 WL1162684, at *1 (D. Kan. Apr. 15, 2002) (denying IFP because applicant and his spouse had a monthly net income that exceeded their monthly expenses by $285); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 U.S. Dist. LEXIS 10554, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000).

-1-

In this case, plaintiff's reported monthly income exceeds her monthly expenses.  In addition,

plaintiff reports that she has $1,500 "cash on hand" in the form of a checking account.  (Doc. 3.)

Based on the specific financial figures provided, it appears to the court that plaintiff is able to pay the

required fees.  Although a burden may result from the payment of these fees, § 1915 requires that the

claimant be unable to pay the fees before the court will grant IFP status.  Accordingly, the court adopts

the R&R in its entirety and denies plaintiff's Motion to Proceed Without Payment of Fees (Doc. 3).

Plaintiff shall pay the filing fee of $350.00 **on or before** July 11, 2012.  Failure to pay the fee

by this deadline may result in dismissal of plaintiff's case without further notice.  Plaintiff shall also

make service of summons in accordance with Federal Rule of Civil Procedure 4.  Plaintiff is further

advised that a "Pro Se Guide" is available to assist her on the court's website at

http://www.ksd.uscourts.gov/a-pro-se-guide/.

**IT IS THEREFORE ORDERED** that Magistrate Judge Rushfelt's Report and

Recommendation (Doc. 6) is adopted in its entirety.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Proceed Without Payment of Fees

(Doc. 3) is denied.  Plaintiff shall pay the filing fee of $350.00 **on or before** July 11, 2012.

Dated this 25th day of June, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge