**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CHARLOTTE COLEMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GENERAL MOTORS, et al., )<br>)<br>Defendants. ) | CIVIL ACTION<br><br>No. 12-2305-CM-GLR |

**MEMORANDUM AND ORDER**

Before the Court is a Motion for Appointment of Counsel (ECF No. 4) filed by Plaintiff.  For

the reasons set out below, the Court denies the motion.

**I.      Relevant Factual Background**

Plaintiff *pro se* commenced this action in May 2012 by filing a civil complaint.  The Court

has denied her permission to proceed in forma pauperis and she has paid the $350 filing fee.  Her

complaint alleges retaliation and harassment under Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. §§ 2000e, et seq., and asserts claims of assault and battery, libel and slander,

and destruction of property.

**II.      Motion for Appointment of Counsel**

In general, there is no constitutional right to appointment of counsel in a civil case.[1]  For

some types of cases, however, Congress has provided statutory authority to appoint counsel.  For

---

[1] *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120-22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases" and declining to recognize a right to counsel in a Title VII context); *Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) ("There is no constitutional right to counsel in either a Title VII case or other civil case."); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (holding that there is no constitutional right to counsel in Title VII case); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

actions brought under Title VII, 42 U.S.C. § 2000e-5(f)(1) – provides discretionary authority for appointing counsel "in such circumstances as the court may deem just."[2]  This statute provides no statutory right to counsel – it is merely a "a statutory right to **request** appointed counsel at court expense."[3]

The Court has "extremely broad" discretion to appoint counsel under § 2000e-5(f)(1).[4]  To guide the court's discretion, the Tenth Circuit has identified factors that courts consider when evaluating a motion for appointment of counsel.[5]  Appointment of counsel is only appropriate under § 2000e-5(f)(1) after the plaintiff has affirmatively shown "(1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[6]  In close cases, the Court should also consider whether the plaintiff has the "capacity to present the case without counsel.[7]

When considering appointment of counsel, the Court remains mindful that Congress has provided no mechanism for compensating appointed attorneys.[8]  "Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make

---

[2]While this discretion is "extremely broad," as discussed in more detail later, long-standing Tenth Circuit precedent makes the financial ability to pay for counsel and other factors "relevant to the inquiry whether to appoint counsel."  *See Castner*, 979 F.2d at 1420-21.

[3]*See Nelson* 446 F.3d at 1120-22 (emphasis added).

[4]*Castner,* 979 F.2d at 1420.

[5]*See id.* at 1420-21.

[6]*Id.* at 1421.

[7]*Id.*

[8]*Id.*

coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste precious resource and may discourage attorneys from donating their time."[9]  Finally, the Court notes that it has a limited pool of volunteer attorneys from whom it may appoint counsel.

### A.  Financial Ability to Secure Counsel

Although Plaintiff has paid the filing fee for this action, she submitted a financial affidavit with her motion to proceed without prepayment of fees.  She avers that she is single and lists no dependent for whom  she is legally responsible to financially support.  She is currently employed and has monthly take-home income of $3,200.  She receives health insurance through her employment.  She has $1,500 in a bank account.  She does not own any real property.  She makes monthly payments of $385 for a 2009 Chevy Impala.  She also has monthly household expenses of $2,231 and other monthly expenses of $450.  Based on this financial information, the Court denied Plaintiff permission to proceed without prepaying the filing fee.  In the appointment-of-counsel context, the pertinent inquiry is whether the party seeking appointment can "meet his or her daily expenses" while also hiring an attorney.[10]  Given her financial affidavit, Plaintiff has not shown that she would be unable to meet her daily, non-discretionary expenses were she to hire an attorney.  This factor does not support appointment of counsel.

### B.  Efforts to Secure Counsel

To obtain appointment of counsel, a party must make diligent efforts to secure counsel.  This typically requires the party to meet with and discuss the case with at least five attorneys.[11]  Plaintiff

---

[9]*Id.*

[10]*Castner*, 979 F.2d at 1422.

[11]*Jeannin v. Ford Motor Co.*, No. 09-2287-JWL-DJW, 2009 WL 1657544, at *1 & n.10 (D. Kan. June 12, 2009).

states that she has contacted four attorneys. But she does not state the nature of the contact or provide any indication that she personally met with and conferred with the attorneys about her case. Nor does she provide any reason for not conferring with at least five attorneys. These failures provide adequate grounds to deny the motion for appointment.[12]

### C.  Merit of Allegations

To warrant appointment of counsel, Plaintiff must also affirmatively show that she asserts meritorious claims. But she makes no attempt to demonstrate the merits of her claims in her motion for appointment. Consequently, the Court is left to consider her complaint. Her complaint standing alone, however, provides an insufficient basis to find that this action has sufficient merit to warrant appointment of counsel. Although she states she has filed a charge of discrimination and received a right to sue letter, she has neither provided a copy of that letter nor any administrative findings regarding her claims. "The Notice of Right–to–Sue Letter allows the Court to determine whether a plaintiff's complaint is timely filed, and it is one piece of information the Court uses to determine whether counsel should be appointed."[13]   When considering the merits of Title VII claims, furthermore, an administrative finding is a "highly probative" factor.[14] Although the Court may not give preclusive effect to administrative findings that are adverse to the plaintiff,[15] parties seeking appointment of counsel generally cannot carry their burden to affirmatively show meritorious claims

---

[12]*See id.* at *1.

[13]*See id.* at *2.

[14]*Castner*, 979 F.2d at 1422.

[15]*Id.*

of discrimination when they fail to provide "highly probative" information for consideration.

**III.     Conclusion**

For the foregoing reasons, the Court denies the Motion for Appointment of Counsel (ECF

No. 4) filed by Plaintiff.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 6th day of July, 2012.

<u>S/Gerald L. Rushfelt</u>
Gerald L. Rushfelt
United States Magistrate Judge