# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHARLOTTE COLEMAN,      ) | |
|      ) | |
|      **Plaintiff,**      ) | |
|      ) | |
|      ) | |
| **v.**      ) | **No. 12-2305-CM-GLR** |
|      ) | |
| GENERAL MOTORS, et al.,      ) | |
|      ) | |
|      **Defendants.**      ) | |
|      ) | |
| _____) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Charlotte Coleman, appearing pro se, filed a lawsuit alleging several violations of Title VII of the Civil Rights Act of 1964 as well as various state-law claims.  Currently before the court are two motions to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) (docs. 18 and 21).  To survive these motions, plaintiff's complaint must contain factual allegations that "raise [the] right to relief above the speculative level" and include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  Because plaintiff's complaint does not satisfy this standard, the court dismisses the challenged claims.

### <u>Defendant Christopher Andrews' Motion To Dismiss (doc. 18)</u>

Defendant Christopher Andrews filed the first motion to dismiss.  He argues that plaintiff's Title VII claim against him should be dismissed because actions against individual employees are not allowed under Title VII.  Defendant Andrews is correct that a Title VII claim may only be brought against the employer entity and not against an individual defendant. *Butler v. City of Prairie Village*, 172 F.3d 736, 743 (10th Cir. 1999) (citing *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996)).

Here, defendant Andrews is an individual, so plaintiff cannot bring a Title VII claim against him. Accordingly, the court dismisses this claim.

Next, defendant Andrews argues that plaintiff's libel and/or slander claim should be dismissed because plaintiff failed to allege sufficient facts.[1]  In the alternative, defendant Andrews moves for a more definite statement.  Upon review, the court agrees that plaintiff's allegations fail to state a plausible libel and/or slander claim.  For example, plaintiff does not allege the substance of the allegedly false words, to whom the statements were made, and the time period in which the allegedly false words were spoken.  *See Bushnell Corp. v. ITT Corp.*, 973 F. Supp. 1276, 1287 (D. Kan. 1997) (dismissing defamation claim); *Sullivan v. Am. Online, Inc.*, No. 04-864, 2005 U.S. Dist. LEXIS 17906, at *7–12 (D. N.M. Aug. 23, 2005) (same).  Because she fails to include this information, the court dismisses her libel and/or slander claim against defendant Andrews.  The court also denies as moot and without prejudice defendant Andrews' motion for more definite statement.

The court, however, is mindful that plaintiff is appearing pro se and that the above deficiency in her libel and/or slander claim is procedural and not substantive.  Accordingly, the court grants plaintiff ten (10) days to file a second amended complaint that includes additional facts supporting plaintiff's libel and/or slander claim against defendant Andrews.

**The UAW Defendants' Motion To Dismiss (doc. 21)**

The UAW defendants filed the second motion to dismiss.[2]  They argue that plaintiff's Title VII claim should be dismissed because plaintiff failed to allege sufficient facts.  The court agrees.  The

---

[1]  In support of this argument, defendant Andrews cites case law describing the pleading requirements for a defamation claim in state court.  (Doc. 19 at 2.)  Kansas pleading rules are not binding on federal courts when federal courts entertain state-law claims pursuant to either diversity jurisdiction or, as here, supplemental jurisdiction.  *Hanna v. Plumer*, 380 U.S. 460 (1965); *see also Bushnell Corp. v. ITT Corp.*, 973 F. Supp. 1276, 1287 (D. Kan. 1997) (explaining that "the sufficiency of a complaint alleging defamation under Kansas law is judged under [R]ule 8(a) instead of under Kansas pleading standards").

[2]  The UAW defendants include International Union, UAW (including "UAW Sub Region Office"), and UAW Local 31.

only allegation in plaintiff's amended complaint that refers to the UAW defendants is that she reported the events in her amended complaint to the "UAW Committee Men" and the "UAW International Civil Rights Department."  This lone allegation does not state a plausible Title VII claim.

For example, plaintiff fails to state a claim for direct discrimination by the UAW defendants because she does not allege that an agent or representative of the union made any discriminatory, retaliatory, or harassing comment.  *See Henderson v. Int'l Union*, 263 F. Supp. 2d 1245, 1292–96 (D. Kan. 2003) ("With respect to allegations of union discrimination, only acts or comments committed or made by union representatives—during the time period when those individuals were agents of the union—may properly support claims against the union on a theory of direct liability.").  As another example, plaintiff fails to state a claim for failure to file a grievance because she does not allege the union allowed a violation of the collective bargaining agreement to go unrepaired or that the union's actions were motivated by discriminatory animus.  *See id*. at 1294 (outlining elements for a Title VII claim for failing to file a grievance).  Because plaintiff fails to allege sufficient facts, the court dismisses her Title VII claim against the UAW defendants.

But plaintiff is appearing pro se, and her opposition to defendant's motion to dismiss included additional factual allegations that suggest she might be able to state a plausible Title VII claim.  Accordingly, the court grants plaintiff ten (10) days to file a second amended complaint that includes additional facts supporting plaintiff's Title VII claim against the UAW defendants.

**To be clear**, leave to amend is limited to plaintiff's libel and/or slander claim against defendant Andrews and plaintiff's Title VII claim against the UAW defendants.  Failure to file a second amended complaint within ten (10) days will result in **dismissal** of these claims.

**IT IS THEREFORE ORDERED** that Defendant Christopher Andrews' Motion to Dismiss and For More Definite Statement (doc. 18) is granted in part.  The court dismisses plaintiff's Title VII

claim and libel and/or slander claim against defendant Andrews.  The court denies as moot and without prejudice defendant Andrews' motion for more definite statement.

**IT IS FURTHER ORDERED** that the Motion of UAW Defendants To Dismiss Plaintiff's Amended Employment Discrimination Complaint Pursuant To FRCP 12(b)(6) (doc. 21) is granted.

**IT IS FURTHER ORDERED** that plaintiff is granted ten (10) days to file a second amended complaint that includes additional factual allegations supporting her libel and/or slander claim against defendant Andrews and her Title VII claim against the UAW defendants.  **<u>Failure to file a second amended complaint within this time will result in dismissal of these claims</u>**.

Dated this 21st day of December, 2012, at Kansas City, Kansas.

__s/ Carlos Murguia_____
**CARLOS MURGUIA**
United States District Judge