IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CHARLOTTE COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-2305-CM |
| | ) | |
| GENERAL MOTORS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Plaintiff filed this lawsuit against defendant on May 21, 2012. Currently before the court is plaintiff's motion to dismiss her lawsuit without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). She argues that dismissal without prejudice is warranted because she cannot proceed with her case without an attorney at the present time. (Doc. 34 at 1.) Her motion offers no further explanation for the relief sought.

Defendant General Motors LLC ("GM") filed a response to plaintiff's motion. GM does not object to plaintiff's request but asks that the court, pursuant to its discretionary powers, set terms and conditions that if the above matter is refiled, GM is entitled to cost, expenses and fees for any duplicative work. The remaining defendants did not respond to plaintiff's motion.

Rule 41(a)(2) allows a district court to dismiss a case at the plaintiff's request after the opposing party has filed an answer or a motion for summary judgment "only by court order, on terms the court considers proper." The purpose of this rule is to "prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (internal quotation and citation omitted). The conditions imposed should be limited to conditions that actually "alleviate any prejudice a defendant might otherwise suffer upon

refiling of an action." *Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991).

Based on the facts of this case, the court determines that all defendants are entitled to the following curative condition.  Specifically, the court will dismiss this lawsuit without prejudice subject to the condition that, prior to refiling some or all of the asserted claims against a defendant in this case in any court, plaintiff will be required to pay that defendant's reasonable attorney's fees and costs incurred in this action less any attorney's fees and costs for work that may be utilized in the subsequent action.[1]  *See AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1527–28 (10th Cir. 1997) (explaining that an award of attorney's fees is an appropriate condition for dismissal without prejudice).  The procedure for implementing this condition will be as follows:

1. Plaintiff must file a notice with this court (copy to the defendant) of her intent to refile some or all of the claims asserted in this lawsuit;[2]

2. Within fourteen (14) days of plaintiff's filing, the defendant may file an application with supporting case law, affidavits, and exhibits outlining its attorney's fees and costs incurred in defending this lawsuit less any attorney's fees and costs for work that may be utilized in the subsequent action;

3. Within fourteen (14) days of the defendant's filing, plaintiff may file an opposition;

4. The court will enter an order stating the amount of fees and costs to be paid; and

5. Within ten (10) days of the court's order, plaintiff must file a notice with the court indicating that the amount of fees and costs has been paid.  If plaintiff does not pay the required amount within this time, the defendant may move the court for an order converting the dismissal without prejudice to dismissal with prejudice.

Because the court imposes a condition for this dismissal, plaintiff has the right to withdraw her motion to dismiss if this condition is too onerous.  *See Gonzales v. City of Topeka*, 206 F.R.D. 280,

---

[1] The court intends for this curative condition to be on a defendant-by-defendant basis.  In other words, if plaintiff wants to refile some or all of her asserted claims against GM, she must pay GM's reasonable attorney's fees and costs incurred in this action less any attorney's fees and costs for work that may be utilized in the subsequent action.

[2] Plaintiff may refile her claim after this notice is filed, but she must promptly move the new court for a temporary stay pending resolution of the fee issue before this court.

282 (D. Kan. 2001) ("The moving plaintiff must be given a reasonable opportunity to withdraw his motion if he finds those conditions unacceptable or too onerous.") (internal quotation and citation omitted).  Therefore, the court gives plaintiff until February 13, 2013, to withdraw her motion.  If plaintiff does not withdraw her motion within this time, then this order granting plaintiff's motion on the above condition will take effect on February 14, 2013.

**IT IS THEREFORE ORDERED** that plaintiff's motion to dismiss (Doc. 34) is granted on the condition stated above subject to plaintiff's decision to withdraw her motion on or before February 13, 2013.

Dated this 30th day of January, 2013, at Kansas City, Kansas.

>_s./ Carlos Murguia_____
>**CARLOS MURGUIA**
>United States District Judge