# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHARLOTTE COLEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-2305-CM |
| ) | |
| GENERAL MOTORS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant General Motors's motion to dismiss (Doc. 48). GM contends that dismissal without prejudice is appropriate because plaintiff has failed to prosecute her case or comply with the rules and orders of this court. Specifically, GM argues that plaintiff has not participated in a scheduling conference or prepared a joint report despite several court orders.

The Tenth Circuit has outlined five factors for a court to consider before dismissing a case with prejudice for these reasons: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations and quotations omitted). The court is not required to consider these factors if dismissal is without prejudice. *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009).

Plaintiff's failure to comply with court orders has caused GM prejudice. GM has spent time and money attempting to reach plaintiff and coordinate this conference. GM has also incurred attorney's fees for filing procedural motions to extend the deadlines. Plaintiff's delay is also

-1-

interfering with the judicial process. The court has had to enter several extensions and address this motion.

Plaintiff has been aware of the court-mandated deadlines and has not met them or timely sought an extension. But her opposition explains that since November 1, 2012, she has moved twice and that two of her siblings died. Plaintiff's change of address does not excuse her failure to comply with court orders because it is her responsibility to make sure she has an effective means of receiving court communications. *See Smith v. McKune*, No. 05-3447-MLB, 2006 U.S. Dist. LEXIS 79626, at *7 n.2 (D. Kan. Oct. 20, 2006) ("This is plaintiff's case and if he is having problems with mail delivery, it is his responsibility to correct the problem, as well as to keep the court and the parties advised of his current address."). The court is sympathetic to her personal issues regarding her sisters, and this fact mitigates her culpability.

The court has not warned plaintiff that dismissal is a sanction for noncompliance. Based on the current record, this is a significant factor to the court. The court, however, uses this order to provide such notice. Specifically, the court expressly cautions plaintiff that her failure to prosecute her case or comply with court orders **may result in dismissal**. Depending on the facts, the dismissal could be either "with prejudice" or "without prejudice." This case has been pending since May 21, 2012. To date, a scheduling order has not been entered. This lawsuit must start progressing, and plaintiff must comply with future deadlines unless she receives an extension.

Plaintiff is not proceeding in forma pauperis. Therefore, in addition to dismissal, monetary sanctions appear to be available. *See Iselo Holdings, LLC v. Coonan*, No. 09-2126, 2010 U.S. Dist. LEXIS 94306, at *32 (D. Colo. Sept. 10, 2010) (noting that although "an order imposing a monetary sanction may simply delay what would eventually be a dismissal premised upon Mr. Coonan's failure to pay the amount imposed, monetary sanctions could serve powerful interests of remediation and

deterrence"). The court will not order monetary sanctions at this time, but plaintiff is expressly cautioned that her failure to prosecute her case or to timely comply with future court orders could result in monetary sanctions or dismissal.

The court considered the various factors and determines that sanctions are not warranted given the stage of the case, the events in plaintiff's personal life, and the lack of warning. The court again cautions plaintiff that this is her case and that she must comply with court orders and deadlines. Her failure to diligently prosecute this case and timely comply with court orders may result in sanctions. **<u>These sanctions will likely include monetary sanctions or the sanction of dismissal, depending on the facts</u>**.

**IT IS THEREFORE ORDERED** that Defendant General Motors LLC's Motion To Dismiss (Doc. 48) is denied. Plaintiff is cautioned that her failure to prosecute her case or timely comply with court orders and deadlines will likely result in monetary sanctions or the sanction of dismissal.

Dated this 8th day of April, 2013, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
United States District Judge