IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CHARLOTTE COLEMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 12-2305-CM |
| | ) | |
| **GENERAL MOTORS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### MEMORANDUM AND ORDER

Plaintiff Charlotte Coleman, appearing pro se, filed a lawsuit alleging violations of Title VII of the Civil Rights Act of 1964 as well as various state-law claims. Currently before the court is defendant Joan Thomas's motion to dismiss and for more definite statement (Doc. 61). First, she argues that plaintiff's Title VII claim against her should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Title VII does not permit actions against individual employees. Defendant Thomas is correct that Title VII does not apply to individual employees but only extends to employer entities. *Butler v. City of Prairie Village*, 172 F.3d 736, 743 (10th Cir. 1999) (citing *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996)). Here, defendant Thomas is an individual employee, so plaintiff cannot bring a Title VII claim against her. The court dismisses this claim.[1] *See McCray v. Kan. Dep't of Revenue*, No. 12-CV-2188-JWL, 2012 WL 3758667, at *4 (D. Kan. Aug. 30, 2012) (explaining that the court will dismiss a cause of action under Rule 12(b)(6) when an issue of law is dispositive).

Second, defendant Thomas moves under Rule 12(e) for a more definite statement because plaintiff's libel and/or slander claim against her contains insufficient factual allegations. A party may

---

[1] Plaintiff is not granted leave to amend her Title VII claim because this claim fails as a matter of law. Thus, granting leave to supply additional facts would not cure this fatal defect.

move for a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).  Upon review, the court agrees that plaintiff's complaint fails to allege sufficient factual allegations for her libel and/or slander claim.  Specifically, she does not allege the substance of the allegedly false statements, to whom the statements were made, and the time period in which the allegedly false words were spoken.  *See Bushnell Corp. v. ITT Corp.*, 973 F. Supp. 1276, 1287 (D. Kan. 1997) (dismissing defamation claim); *Sullivan v. Am. Online, Inc.*, No. 04-864, 2005 U.S. Dist. LEXIS 17906, at *7–12 (D.N.M. Aug. 23, 2005) (same).

Given these deficiencies, defendant Thomas is entitled to a more definite statement of plaintiff's libel and/or slander claim against her.  Therefore, the court orders plaintiff to file a second amended complaint **within fourteen (14) days** that includes additional facts supporting her libel and/or slander claim against defendant Thomas.[2]  The court notes that plaintiff's opposition includes allegations addressing at least some of the above deficiencies, but these allegations do not appear in her operative complaint.  **To be clear**, plaintiff may not include additional allegations against the other defendants in the second amended complaint.  Instead, she is only allowed to include new factual allegations supporting her libel and/or slander claim against defendant Thomas.  Failure to file a second amended complaint **within fourteen (14) days** may result in **dismissal** of this claim.

**IT IS THEREFORE ORDERED** that Defendant Joan Thomas's Motion To Dismiss And For More Definite Statement (Doc. 61) is granted.  The court dismisses plaintiff's Title VII claim against defendant Thomas.  The court orders plaintiff to file a second amended complaint within fourteen (14)

---

[2] The court is aware that defendant Thomas also moves for a more definite statement "regarding any other claims" against her (Doc. 61).  A party filing a Rule 12(e) motion must "point out the defects complained of and the details desired."  Fed. R. Civ. P. 12(e).  Defendant Thomas, however, has not specified defects or detailed the additional information she seeks regarding any other claims against her.  The court is mindful that both plaintiff and defendant are pro se litigants.  But it is not proper for the court to construct legal arguments on either litigant's behalf.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.").  Because defendant Thomas's motion is not properly supported regarding any other claims, the court does not consider this motion beyond the slander and/or libel claim.

days that includes additional factual allegations supporting plaintiff's libel and/or slander claim against defendant Thomas.  **Failure to file a second amended complaint within this time will most likely result in dismissal of this claim without further notice**.

Dated this 17th day of June, 2013, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge
