UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLOTTE COLEMAN,

                    Plaintiff,

v.                                                    Case No. 12-2305-CM

GENERAL MOTORS, et al.,

                    Defendants.


**REPORT AND RECOMMENDATION**

On July 24, 2014, the undersigned U.S. Magistrate Judge, James P. O'Hara, conducted a hearing in accordance with U.S. District Judge Carlos Murguia's order to show cause as to why the court should exercise supplemental jurisdiction over the remaining state law claims in this case (ECF doc. 138). The pro se plaintiff, Charlotte Coleman, appeared in person. Pro se defendant Richard Cheers also appeared in person. Continuing his pattern of inactivity, defendant Raymond Petty failed to appear or file any response to the show cause order. For the reasons discussed below, the undersigned respectfully recommends that Judge Murguia dismiss plaintiff's remaining claims without prejudice to those claims being re-filed in state court.

Plaintiff filed this action alleging that she was subjected to discrimination by defendant General Motors ("GM") in violation of Title VII of the Civil Rights Act of

O:\ORDERS\12-2305-CM_R&R.docx

1964.[1]   Plaintiff also alleged state law claims for defamation, assault, and intentional infliction of emotional distress against several GM employees.[2]   On June 20, 2014, Judge Murguia entered a summary judgment order, dismissing the federal claim against GM and all state law claims against GM employees except the defamation claim against Richard Cheers.[3]

As explained to the pro se parties during the show-cause hearing, although state courts have general jurisdiction, under the Constitution federal courts only have limited jurisdiction to deal with certain kinds of cases.  When plaintiff filed suit back in 2012, it's clear that this court had what's known as "federal question" subject matter jurisdiction over plaintiff's Title VII claim against GM under 28 U.S.C. § 1331.  The court also had what's known as "supplemental" subject matter jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367(a).

Significantly, presently there's no diversity of state citizenship between or among the remaining individual parties such as would be sufficient to independently confer subject matter jurisdiction under 28 U.S.C. § 1332.   That is, even though some of the things plaintiff complains about occurred in GM's factory in Kansas, it's uncontroverted

---

[1] 42 U.S.C. § 2000e et seq.

[2] Specifically, plaintiff alleges claims for assault and defamation against Joan Thomas, defamation against Richard Cheers, intentional infliction of emotional distress against Christopher Listenbee, and a claim devoid of any specific factual allegations against Raymond Petty.

[3] Defendants Richard Cheers and Raymond Petty did not file motions for summary judgment.  *See* ECF doc. 129.

that all three of the remaining parties were when this was filed, and continue to be, citizens and residents of the state of Missouri.

Because Judge Murguia recently dismissed plaintiff's federal claim under Title VII, this court must determine whether to *continue* exercising its supplemental jurisdiction over plaintiff's remaining state law claims.  The law is crystal clear that when all federal claims in a case have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.[4]  Generally, in this situation, the balance of factors to be considered will point toward declining to exercise jurisdiction over the remaining state law claims.[5]  "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary."[6]

Whether to exercise supplemental jurisdiction is within the district court's discretion.[7]  In exercising that discretion, the Supreme Court has instructed lower courts to consider "the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving

---

[4] *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998); *see* 28 U.S.C. § 1367(c)(3); *see also Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995).

[5] *Ball*, 54 F.3d at 669.

[6] *Id.* (quoting *Thatcher Enterprises v. Cache Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990)).

[7] *Henderson v. Nat'l R.R. Passenger Corp.*, 412 Fed. Appx. 74, 79 (10th Cir. 2011).

pendent state-law claims."[8]   In this case, all four of these factors support declining jurisdiction over plaintiff's remaining state law claims.

The only discovery plaintiff has served on Mr. Cheers asked about his previous lawsuits and his past places of employment — she made no discovery inquiry about the merits of her defamation claim against Mr. Cheers.   And Mr. Cheers has served no discovery requests of any kind in this case.   Plaintiff asserts that she anticipates calling five to six witnesses during trial, three of whom reside in or near St. Louis, Missouri or somewhere in Texas.   Plaintiff and Mr. Cheers both reside near St. Louis.   During the show-cause hearing, plaintiff candidly admitted she'd suffer no prejudice if her case were dismissed and had to be re-filed in state court.   Indeed, even though Mr. Cheers probably would call two witnesses from the Kansas City area if this case proceeded to trial, *both* he and plaintiff stated they actually would be in favor of this case being re-filed in state court in St. Louis, because it would be more convenient for them than continuing to litigate the case in Kansas City.

Under these circumstances, obviously there's no compelling reason to continue exercising supplemental jurisdiction over plaintiff's remaining state law claims.   It is therefore recommended that plaintiff's state law claim for defamation against Mr. Cheers be dismissed without prejudice to further litigation in state court.

---

[8] *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

With respect to the remaining vague claim against Mr. Petty, the record reflects he has never filed an answer or entered an appearance in this case.  Plaintiff filed an application for clerk's entry of default against Mr. Petty on July 23, 2013.[9]  In response, the court entered an order for plaintiff to submit a clerk's "entry of judgment" pursuant to Rule 55 of the Federal Rules of Civil Procedure.[10]  The court had previously explained to plaintiff that Rule 55 requires a two-step process for a party seeking default judgment in its favor.[11]  Plaintiff failed to take further action with respect to this claim.  Therefore, default judgment was never entered against Mr. Petty.  Regardless, Mr. Petty is a resident and citizen of the state of Missouri.  During the show-cause hearing, plaintiff stated that it was her intent to assert a claim against Mr. Petty similar to the defamation claim against Mr. Cheers.  For the same reasons discussed above, the court recommends plaintiff's unidentified state law claim against Mr. Petty be dismissed without prejudice to re-filing in state court.

If plaintiff wishes to pursue her claims against Messrs. Cheers and Petty, the court encourages plaintiff to *timely* re-file her case in state court.  As the court explained during the show cause hearing, it is in plaintiff's best interest to re-file as soon as possible, lest she be confronted with the assertion of a defense based on expiration of the applicable

---

[9] ECF doc. 81.

[10] ECF doc. 82.

[11] *See* ECF docs. 78, 91.

statute of limitations.  But this undersigned expresses no view as to the date on which the statute of limitation will expire.

Plaintiff is advised that, within fourteen days after being served with a copy of this report and recommendation, she may file written objections pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.  Plaintiff must file any objections within said fourteen-day period allowed if she wants to have any appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition.  If no objections are timely filed, no appellate review will be allowed by any court.

IT IS SO ORDERED.

Dated, July 24, 2014 at Kansas City, Kansas.


 s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

O:\ORDERS\12-2305-CM_R&R.docx