IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CHARLOTTE COLEMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 12-2305-CM** |
| | ) | |
| **GENERAL MOTORS LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Pro se plaintiff Charlotte Coleman filed this action alleging that she was subjected to a hostile work environment and retaliation by defendant General Motors LLC ("GM").  Plaintiff also alleged various state law claims against fellow GM employees Joan Thomas, Richard Cheers, and Christoffer Listenbee.  On June 20, 2014, the court granted summary judgment in favor of GM, Thomas, and Listenbee (Doc. 129).  This matter is before the court on plaintiff's Motion for Reconsideration (Doc. 136), Motion for Reconsideration of Findings (Doc. 143), and Motion Regarding Richard Cheers (Doc. 135).

### I.      Legal Standard

Under Federal Rule of Civil Procedure 59(e), there are three grounds that may justify reconsideration: (1) "an intervening change in controlling law"; (2) the "availability of new evidence"; or (3) "the need to correct clear error or prevent manifest injustice."  *Shinwari v. Raytheon Aircraft Co.*, 25 F. Supp. 2d 1206, 1208 (D. Kan. 1998) (citation omitted).  The decision whether to grant or deny a motion to reconsider is within the court's sound discretion.  *In re Baseball Bat Antitrust Litig.*, 75 F. Supp. 2d 1189, 1192 (D. Kan. 1999) (citing *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988)) (additional citation omitted).

"[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  However, "it is not appropriate to revisit issues already addressed or to advance arguments that could have been raised in prior briefing." *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citation omitted).  More importantly, a motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citation omitted).

## II.  Discussion

### A.  Motions for Reconsideration (Docs. 136 and 143)

In her first-filed motion to reconsider (Doc. 136), plaintiff does not appear to take issue with the court's findings of fact or citation of controlling law.   Rather, plaintiff argues that the court should reconsider its ruling because, she claims, a number of GM employees were aware of the alleged harassment.  (Doc. 136 at 1–2.)  However, plaintiff already asserted these facts, along with this argument, in her previously-filed response to defendants' summary judgment motions.  (*See* Doc. 106.) The court already considered these facts and arguments in a light most favorable to plaintiff.  (Doc. 129 at 5–10.)  A Rule 59(e) motion does not allow plaintiff to revisit issues already considered. *Trackwell v. U.S. Gov't*, No. 04-4168-SAC, 2005 WL 2921586, at *1 (D. Kan. Nov. 4, 2005) (citing *Servants*, 204 F.3d at 1012).

Plaintiff also argues that she followed the protocols established in GM's collective bargaining agreement and that this is evidenced by plaintiff's "October 25, 2013 … attempt to get a voluntary sign[ed] statement from Rachel Bryant (a General Motors employee)."  (Doc. 136 at 2.)  Not only does this argument fail to bolster plaintiff's claims of hostile work environment, it also is an attempt to

introduce evidence that was available to plaintiff at the time she filed her opposition brief but apparently elected to not bring forward to the court.  This "evidence" was not newly discovered after the court's summary judgment order.  Moreover,  plaintiff has not established that this evidence would produce a different result.  Accordingly, the court declines to reconsider its summary judgment ruling based upon plaintiff's newly introduced facts.  *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1524 (10th Cir. 1992) (affirming denial of motion for reconsideration where plaintiffs submitted new evidence but failed to demonstrate that the evidence was newly discovered or previously unavailable through the exercise of diligence).

In plaintiff's supplemental motion for reconsideration (Doc. 143), plaintiff does not contend that there has been an intervening change in the controlling law nor that previously unavailable evidence has been discovered.  Plaintiff's motion arguably invokes the third ground of the need to correct clear error or prevent manifest injustice, although she does not make this argument at all clear. In the end, plaintiff does precisely what the cases state she cannot do—she revisits issues already addressed, puts forth additional arguments that were formerly available, and attempts to make a stronger case by enhancing arguments that previously failed.  *See Coffeyville*, 748 F. Supp. 2d at 1264; *Voelkel*, 846 F. Supp. at 1483.  The court finds no clear error or manifest injustice.  Having failed to state an adequate basis for reconsideration, the court denies plaintiff's motions.

### B.  Motion Regarding Richard Cheers (Doc. 135)

Plaintiff filed a motion alleging that Richard Cheers spread rumors about her (Doc. 135). Presumably, plaintiff filed this motion because Richard Cheers was the only defendant who did not file a summary judgment motion.  However, since the filing of her motion, the court declined to exercise supplemental jurisdiction over plaintiff's remaining state law claims (Doc. 155), and plaintiff has since

informed the court that she has filed her state law claims against Richard Cheers in St. Charles County, Missouri (Doc. 154).  Accordingly, the court denies plaintiff's motion as moot.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Reconsideration (Doc. 136) and Motion for Reconsideration of Findings (Doc. 143) are denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion Regarding Richard Cheers (Doc. 135) is denied as moot.

**IT IS SO ORDERED.**

Dated this 12th day of September 2014, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**